UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMOR WHITEHEAD, | Civil Action No. 24-11430 (RK) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Lamor Whitehead ("Petitioner" or "Whitehead") is a federal prisoner currently incarcerated at Federal Correctional Institution Fairton. He is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons stated in this Memorandum Opinion, the Court dismisses the Petition for lack of subject matter jurisdiction and without prejudice to Whitehead's filing of a motion under 28 U.S.C. § 2255 in the Southern District of New York.

On March 11, 2024, a federal jury in the Southern District of New York found Petitioner guilty of two counts of wire fraud under 18 U.S.C. § 1343, one count of attempted wire fraud under 18 U.S.C. § 1349, one count of making false statements under 18 U.S.C. § 1001, and one count of

attempted extortion under 18 U.S.C. § 1951. (*See* S.D.N.Y. Crim. Dkt. No. 22-692, No. 180.) On June 17, 2024, the District Court sentenced Petitioner to 108 months' imprisonment on Counts One, Two, Three, and Five, and 36 months' imprisonment on Count 4 to run concurrent with the 108-month sentence. (*Id.* at No. 232.) Petitioner filed a notice of appeal on June 27, 2024. (*Id.* at No. 234; *see also* ECF No. 1, Petition at 3.)

Petitioner is currently serving his sentence at Fairton FCI and is confined within this district. (*See* Petition at 3.) On December 23, 2024, he filed the instant Petition under 28 U.S.C. § 2241, which alleges violations of his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment due process rights and seeks to set aside his conviction. (ECF No. 1.)

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Nevertheless, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner seeking post-conviction relief must generally bring his collateral challenge pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); 28 U.S.C. § 2255(e). The "savings clause" contained in § 2255(e) provides an exception to this general rule and permits federal prisoners to proceed under § 2241 only when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). Specifically, the savings clause in § 2255(e) states that a habeas petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective

to test the legality of his detention."

Here, Petitioner has not provided any reasons why he is unable to file a motion under § 2255 in the Southern District of New York. Notably, in *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court sharply curtailed the use of the savings clause for collateral attacks under § 2241. As explained by the Supreme Court in *Jones*:

> Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose.

*Id.* at 474. The Court also noted that "[t]he saving clause might also apply when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* Post-*Jones*, the saving clause only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478. These concerns are not present here.

For these reasons, the Court dismisses the Petition for lack of subject matter jurisdiction and declines to transfer the Petition to the Southern District of New York. The Petition is dismissed without prejudice to Petitioner's filing of a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255 in the Southern District of New York subject to the time limits set forth in 28 U.S.C. § 2255(f).[1] An appropriate Order follows.

ROBERT KIRSCH
United States District Judge

---

[1] Timeliness under 28 U.S.C. § 2255(f) does not appear to be a concern because Petitioner was sentenced less than a year ago and his direct appeal is still pending.